# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Jennifer Jones, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NovaStar Financial, Inc.; Scott F. Hartman; )<br>Gregory S. Metz; Rodney Swatkin; The )<br>NovaStar Retirement Committee; and John )<br>Does 1-10, )<br>)<br>Defendants. ) | Case No.08-00490-CV-W-NKL |

## ORDER

Plaintiff Jennifer Jones ("Jones") brings this putative class action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), against various alleged fiduciaries of the NovaStar Financial, Inc. 401(k) Plan ("Plan"). She claims that the fiduciaries breached various duties to the Plan and its participants. Before the Court is Defendants' Motion to Dismiss the Class Action Complaint [Doc. # 28]. For the following reasons, the Court denies the motion.

## I. Factual Background

### A. Complaint

Jones sues under §§ 409 and 502(a)(2)-(3) of ERISA. She seeks to recover losses to the Plan and other equitable relief on behalf of the Plan and its participants against

Defendants NovaStar Financial, Inc., Scott F. Hartman, Gregory S. Metz, Rodney Swatkin, The NovaStar Retirement Committee, and John Does 1-10 (collectively, "Defendants"). The Complaint alleges the following facts.[1]

The events underlying this case occurred primarily between May 4, 2006 and November 15, 2007 (the "Class Period"). During this time, the Plan covered substantially all of the employees of NovaStar Financial, Inc., and its subsidiaries (collectively, "NovaStar"). Individual accounts were maintained for each Plan participant, who could elect between various investment options. One of the investment options in the Plan was the NovaStar Financial, Inc., Unitized Common Stock Fund, which held NovaStar common stock.

Defendants were Plan fiduciaries. Defendant Scott F. Hartman is the Chairman of the Board of Directors and Chief Executive Officer of NovaStar, who exercised discretion with respect to the Plan and its management and administration. Defendant The NovaStar Retirement Committee administers the Plan; its members are Defendant Gregory S. Metz, Rodney Swatkin, and John and Jane Does 1-10. NovaStar acted as Plan sponsor and administrator for much of the Class Period.

During the Class Period, Defendants failed to: act solely in the interest of participants and beneficiaries of the Plan; and to exercise the necessary skill, care, prudence, and diligence in administering the Plan and the Plan's assets. More specifically, Defendants

---

[1] Certain facts beyond the Complaint are relevant to analysis of Defendants' motion to dismiss. Those additional facts are set forth and discussed *infra* at Section II.A.

allowed the investment of the Plan's assets in NovaStar common stock although they knew, or should have known, that such an investment was imprudent. The investment was imprudent because of NovaStar's serious mismanagement and improper business practices, including:

> (i) relying on originating, purchasing, securitizing, selling, investing in and servicing subprime residential mortgages for revenue; (ii) manipulation of its mortgage origination process; (iii) failing to abide by its stated mortgage underwriting process and criteria; (iv) failing to implement, maintain and/or abide by proper risk management processes; (v) improper financial accounting for, among other matters, its portfolio of mortgages; and (vi) engaging in practices that endangered and ultimately eliminated its ability to elect to be taxed as a real estate investment trust or REIT, all of which caused its financial statements to be misleading and which artificially inflated the value of shares of NovaStar common stock . . . .

(Compl. ¶ 5.) During the Class Period, Defendants failed to investigate whether NovaStar common stock was a prudent investment. They also failed to investigate the performance of other Plan fiduciaries.

Also during the Class Period, Defendants knew about NovaStar's problems but did not disclose them to Plan participants. Defendants issued misleading communications to Plan participants regarding investment in NovaStar common stock, including SEC filings, annual reports, press released, and Plan documents. As a result, Plan participants could not make informed decisions about their investments. Also as a result, the price of NovaStar common stock was artificially inflated.

On December 31, 2006, the Plan held about 445,000 shares of NovaStar common stock, then-valued at approximately $6.4 million. Following revelation of various facts

regarding NovaStar's mismanagement and improper business practices, the price of NovaStar common stock collapsed. The price of the stock has dropped approximately 99 percent since the beginning of the Class Period. As a result, thousands of Plan participants lost a substantial portion of their retirement savings.

The Complaint includes four counts. Count I alleges breach of the fiduciary duties of loyalty, exclusive purpose, and prudence against Defendants because they allowed Plan participants to invest in NovaStar common stock. Count II is against NovaStar and the Defendants who were chairs of the Retirement Committee for their failure to fulfill their obligations as monitoring fiduciaries. Count III alleges breach of the fiduciary duty of loyalty against Defendants based on their misleading communications. Count IV alleges co-fiduciary liability against Defendants for knowing about, participating in, and enabling co-fiduciaries' improprieties.

### B. Motion to Dismiss

Defendants move to dismiss the Complaint on several grounds. First, they argue for dismissal of all counts pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, stating that Plaintiff does not have statutory or constitutional standing to sue on behalf of the Plan. The Court held oral argument on the standing issues.

Alternatively, Defendants move to dismiss each count pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue that Count I should be dismissed because they were not fiduciaries to the NovaStar Stock Fund investment option in the Plan and, even if they were, Plaintiff's prudence claim is not actionable. Further, they assert that Count III

4

should be dismissed because it does not allege a claim and because ERISA does not regulate the communications about which Plaintiff complains. Finally, Defendants state that Counts II and IV should be dismissed because they are derivative of the failed Counts I and III.

## II. Discussion

### A. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), Defendants move to dismiss the Complaint on the ground that Jones lacks both statutory standing under ERISA as well as constitutional standing. However, "Although [courts] have referred to a plaintiff's [right to sue] under ERISA as a question of 'standing' ... it is a statutory requirement, not a constitutional one," *Bridges v. American Elec. Power Co., Inc.*, 498 F.3d 442, 444 (6th Cir. 2007) (citation omitted); *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803-04 (7th Cir. 2007) (stating that, with certain extreme exceptions, "the question whether an ERISA plaintiff [has statutory standing] should be treated as a question of statutory interpretation fundamental to the merits of the suit rather than as a question of the plaintiff's right to bring the suit"); because it does not concern the Court's jurisdiction, Jones's statutory standing is considered under Rule 12(b)(6). On the other hand, if a plaintiff lacks constitutional standing, the Court has no subject matter jurisdiction; therefore, the question of Jones's constitutional standing is properly addressed under Rule 12(b)(1). *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

Defendants' argument boils down to this: Jones did not suffer an injury and, therefore, has standing to sue. According to Defendants, Jones did not buy shares at a time when she claims stock prices were artificially inflated. Further, she cashed out of the Plan

at a time when she claims that stock prices were artificially inflated as a result of Defendants' fiduciary improprieties. Thus, Defendants argue that Jones actually benefitted from the improprieties she alleges. Defendants argue that Jones did not suffer the injury required to give her ERISA statutory standing or constitutional standing.

### 1. Matters Outside the Complaint

Defendants cite to various matters outside of the Complaint to support their argument. They submit Plan documents, business records, as well as affidavits. Those documents purport to show the terms of the Plan, the price of NovaStar common stock during the Class Period, the price of alternative Plan investments during a portion of the Class Period, the dates of Jones's employment, and the date of her withdrawal of the full value of her Plan account. Jones does not take issue with this evidence, or with the information Defendants claim the evidence shows.

Jones essentially rests on the allegations of her Complaint. She seems to suggest that the protections of Rule 12(b)(6) extend to her allegations concerning both statutory and constitutional standing, such that the Court must assume true her allegations, which need not be specific. Of course, on a Rule 12(b)(6) motion, plaintiffs need only plead enough facts to show the elements "of a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007). On 12(b)(6) motions, courts may consider matters embraced by the complaint and may consider matters amenable to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). For purposes of Defendants' motion regarding statutory standing – considered under Rule 12(b)(6) –, the

6

Court considers matters embraced by Jones's allegations and judicially notices NovaStar common stock prices and the performance of alternative investment funds.

However, under Rule 12(b)(1), the Court considers additional matters with regard to constitutional standing. On a Rule 12(b)(1) motion, courts may consider matters outside the pleadings when parties make "factual" (as opposed to "facial") challenges to subject matter jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990). Typically, a defendant making a factual challenge to jurisdiction should request an evidentiary hearing on the issue. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). While Defendants here did not do so, it is clear from their submission of evidence beyond the pleadings that they are challenging the factual basis for Jones's standing and the Court's jurisdiction, as opposed to simply whether Jones has pleaded jurisdiction on the face of her Complaint.

On factual challenges to subject matter jurisdiction, plaintiffs are not given the protections of Rule 12(b)(6). "In short, no presumptive truthfulness attaches to the plaintiff's allegations." *Osborn*, 918 F.3d at 730 (citation omitted). In these circumstances, courts are free to "weigh evidence and satisfy [themselves] as to the existence of [their] power to hear the case." *Id.* (citation omitted). On a 12(b)(1) factual challenge, considering evidence beyond the complaint does not convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. *Id.* Jones herself submitted evidence – various Plan documents – in response to Defendants' motion. The Court has considered both parties' evidence in addressing Defendants' challenge to Jones's constitutional standing and the Court's subject matter jurisdiction.

7

### 2. ERISA Statutory Standing

Defendants first argue that Jones lacks statutory standing to bring her ERISA claims. ERISA provides that only a plan "participant, beneficiary, or fiduciary" may bring suit on behalf of a plan for breach of fiduciary duty. *See* 29 U.S.C. § 1132(a)(2)-(3). Plaintiffs do not have standing to sue under ERISA unless they fall within one of these categories at the time of filing suit, regardless of whether they seek to pursue claims on behalf of a class. *Hastings v. Wilson*, 516 F.3d 1055, 1060-61 (8th Cir. 2008). Jones alleges that she is a "participant" within the meaning of ERISA.

ERISA defines a "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ... or whose beneficiaries may become eligible to receive any such benefit." 29 U.S.C. § 1002(7). Defendants argue that Jones is not a "participant" because, having cashed out of the Plan, she is no longer eligible to receive any benefit from the Plan.

Employees who have cashed out of plans may maintain their status as participants. *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 128 S. Ct. 1020, 1024 (2008). A number of circuit courts have concluded that such employees remain "participants" so long as (1) their accounts were diminished by the alleged fiduciary impropriety and (2) this diminution was not remedied at the time of disbursement. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. July 31, 2008) (noting that cashed-out employee's claim is limited to the difference between the benefits received and the benefits that would have been received

absent breach); *Evans v. Akers*, 534 F.3d 65, 70 (1st Cir. July 18, 2008) (finding that cashed-out employees had standing where they sought to recover amounts that should have been in their accounts but for fiduciary impropriety); *In re Mut. Funds Inv. Litig.*, 529 F.3d 207, 215 (4th Cir. June 16, 2008) (same); *Bridges v. Am. Elec. Power Co.*, 498 F.3d 442, 445 (6th Cir. August 15, 2007); *Graden v. Conexant Sys., Inc.*, 496 F.3d 291, 296-97 (3d Cir. July 31, 2007) (explaining that former employee was entitled to recover "the value of his account unencumbered by any fiduciary impropriety"), *cert. denied*, 128 S. Ct. 1473 (2008); *Harzewski v. Guidant Corp.*, 489 F.3d 799, 804-05 (7th Cir. June 5, 2007) (finding that cashed-out employees qualify as "participants" if they can "show that they are claiming an amount of money to which they are entitled by the plan documents over what they received when [cashed out of] their retirement accounts"). As the court in *Graden* stated, "[i]f the plaintiff colorably claims that under the plan and ERISA he was entitled to more than he received on the day he cashed out, then he presses a claim for vested benefits and must be accorded participant standing." 496 F.3d at 300. "Courts appear to assume universally that [cashed-out] former employees must actually suffer a loss at distribution" to retain standing. *In re Boston Scientific Corp. ERISA Litig.*, 254 F.R.D. 24, 29 (D. Mass 2008) (citations omitted). Jones does not have standing to sue under ERISA unless she can colorably claim that she suffered a loss at distribution.

9

Defendants argue that, rather than suffering a loss, Jones profited at distribution.[2] Defendants do not introduce evidence concerning the price Jones paid for the NovaStar stock in her Plan account. They generally argue that Jones did not buy her NovaStar stock on a date when she claims it was artificially inflated due to alleged breaches of fiduciary duty; they note she alleges that she sold the stock on a date when it was still artificially inflated. Therefore, Defendants conclude, Jones must have ultimately benefitted from the alleged breaches.

Jones's Complaint does state that Defendants' misconduct artificially inflated the price of company stock during the Class Period. However, NovaStar stock was valued at approximately $36.41 at the start of the Class Period. When Jones cashed out on June 28, 2006, the NovaStar stock price was approximately $31.61 per share. She alleges that this approximately five dollar drop was due to Defendants' misconduct. Defendants themselves produced evidence, and indicated at oral argument, that other available Plan investments outperformed NovaStar stock from the start of the Class Period until Jones cashed out.

Thus, by alleging that the NovaStar stock decreased several dollars per share due to breaches that occurred during the Class Period, Jones has satisfied the Court – at this stage of the litigation – that she would have received more benefits at cash out than she actually

---

[2] Defendants produce evidence that Jones terminated her employment on May 5, 2006, which was the day after the start of the Class Period (i.e., May 4, 2006 and November 15, 2007). They also produce evidence that she cashed out of her account on June 28, 2006. Finally, they produce evidence that NovaStar stock was closed to new investment during the portion of the Class Period in which Jones maintained a Plan account. Jones does not contend otherwise.

10

did absent the Defendants' breaches.³ Though the evidence may eventually show that Jones profited from any breaches of fiduciary duty, she has adequately pleaded that she suffered a loss adequate to confer ERISA standing.

### 3. Constitutional Standing

Defendants further argue that Jones lacks the constitutional standing necessary to confer subject matter jurisdiction.

> The irreducible constitutional minimum of standing consists of three elements. First, a party must have suffered an "injury in fact," an actual or imminent concrete and particularized invasion to a legally protected interest; second, the injury must be fairly traceable to the challenged action of the defendant; and third, the injury must be redressable by a favorable decision.

*Jewell v. United States*, — F.3d —, No. 08-1175, 2008 WL 5156697 (8th Cir. Dec. 10, 2008) (citations and internal quotations omitted). The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Applying these elements, courts bear in mind that plaintiffs must assert their own rights, rather than those of third parties, in order to have standing to sue in federal court. *See*

---

³ Defendants argue that Jones would have lost more than five dollars per share if – as Jones says they should have – Defendants had removed the Plan from NovaStar stock investments during the Class period. Defendants state that, before they could have done so, they would have been required to publicly issue statements concerning the alleged breaches of fiduciary duty. This would have caused the stock price to drop rapidly. Therefore, Defendants argue, Jones would not have benefitted more than she did from the actions she claims Defendants should have taken.

However, there is no evidence before the Court indicating how quickly the stock price would have fallen from public statements, nor need there be at this phase of the litigation. This defense may be relevant later but is inadequate to serve as a basis for dismissing Jones's lawsuit where she has otherwise pleaded and shown that she suffered a loss.

11

*Warth v. Seldin*, 422 U.S. 490, 299 (1975). Jones does not have constitutional standing unless she can establish the standing element of injury in fact.

The Court has considered the arguments and evidence submitted by the parties for purposes of establishing whether the Court has the power to hear this case. For those purposes, as discussed above, Jones has adequately shown that she suffered an injury in fact: specifically, an approximately five-dollar drop in stock price due to alleged breaches and alternative investments what would have performed better during the Class Period. Whether the full evidence ultimately shows otherwise, and whether Jones ultimately prevails, is another matter.

### B. Rule 12(b)(6)

Defendants also move to dismiss Jones's claims pursuant to Rule 12(b)(6) for failure to state a claim. Defendants' motion focuses on the facts of this case, seeming to argue for a heightened, fact-pleading standard for Jones's ERISA claims. In support of their motion, Defendants cite many cases discussing evidence at summary judgment and even trial. However, to withstand Defendants' Rule 12(b)(6) motion, Jones need only plead enough facts to show a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007).

#### 1. Count I

Defendants argue Count I should be dismissed because (1) they were not fiduciaries to the NovaStar Stock Fund investment option in the Plan and, (2) even if they were fiduciaries, they did not have a duty to freeze or liquidate the NovaStar stock and the facts

here do not overcome the strong legal presumption that they acted prudently. Defining fiduciary status, ERISA provides:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Jones pleads that Defendants exercised the requisite discretionary control, rendered investment advice, and/or discretionarily administered the plan.

She has also pleaded that Defendants breached their fiduciary duties with regard to the NovaStar stock investments. She has pleaded facts indicating a precipitous decline in Novastar stock and that Defendants knew, or should have known, of NovaStar's impending collapse. *See generally Moench v. Robertson*, 62 F.3d 553, 572 (3d Cir. 1995) (denying summary judgment on whether defendants were entitled to a presumption of prudence regarding investments in company stock). Though the evidence will eventually show whether Jones can prove the allegations of Count I, she has adequately pleaded facts overcoming any presumption of prudence applicable to the NovaStar stock investments.

### 2. Count III

Defendants assert that Count III should be dismissed because it does not set forth enough facts concerning the allegedly misleading communications and because ERISA does not regulate the communications about which Plaintiff complains. In support of this

13

argument, Defendants cite to the dismissal of a recent securities action concerning the NovaStar stock.

"The duty to disclose material information is the core of a fiduciary's responsibility" under ERISA. *See Shea v. Esensten*, 107 F.3d 625, 628 (8th Cir. 1997) (finding that an HMO had a duty to disclose its incentive structure for limiting referrals to specialists). Here, Jones has alleged affirmative material misrepresentations to plan participants – as well as the general public – regarding the soundness of the NovaStar stock investment. The heightened pleading requirements of securities laws do not apply to Jones's ERISA action: despite Defendants' argument to the contrary, she need not identify the author or specific content of each misrepresentation in order to survive a motion to dismiss. Jones has adequately pleaded violation of the duty to disclose material information.

### 3. Counts II and IV

Finally, Defendants state that Counts II and IV should be dismissed because they are derivative of the failed Counts I and III. As discussed above, Jones has adequately pleaded Counts I and III. Defendants have offered no other bases upon which to dismiss Counts II and IV. Counts II and IV will not be dismissed.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss the Class Action Complaint [Doc. # 28] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: February 11, 2009
Kansas City, Missouri