IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JENNIFER JONES, On Behalf of Herself And All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>      v.<br><br>NOVASTAR FINANCIAL, INC., SCOTT F. HARTMAN, GREGORY S. METZ, RODNEY SWATKEN, THE NOVASTAR RETIREMENT COMMITTEE, and JOHN DOES 1-10,<br><br>                      Defendants. | **Civil Action: 4:08-cv-490-NKL** |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Before the Court for preliminary approval is a settlement (the "Settlement") of this class action (the "Action") asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), with respect to the NovaStar Financial, Inc. 401(k) Plan (the "Plan") as against NovaStar Financial, Inc. ("NovaStar" or the "Company") and the other defendants (collectively, the "Defendants"). The terms of the Settlement are set out in a Class Action Settlement Agreement (the "Settlement Agreement") which has been executed by counsel for Plaintiff Jennifer Jones ("Plaintiff") and counsel for Defendants (collectively with Plaintiff, the "Parties"). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement. The "Settlement Class" is defined in this Order below. The Court has considered preliminarily the Settlement and determined, among other things, whether to certify a

class for settlement purposes and whether the Settlement is sufficient to warrant the issuance of notice to Members of the Settlement Class. Upon reviewing the Settlement Agreement and the filings of the parties, the Court finds the following:

**Jurisdiction**: The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Members of the Settlement Class.

**Class Findings**: The Court has previously found, in its Order of April 6, 2009, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the putative class in this case and has certified a Class, appointed Plaintiff as Class Representative, and appointed Dysart Taylor Law Cotter & McMonigle, P.C. as local counsel; and Gainey & McKenna and Stull, Stull & Brody as Class Counsel. Consistent with that Order, the Court now finds that for purposes of this preliminary approval order the Class in this case is certified for settlement purposes, and the Settlement Class shall be:

> **All current and former participants and beneficiaries of the Novastar Financial, Inc. 401(k) Plan (the "Plan") for whose individual accounts the Plan purchased and/or held interests in the Novastar Stock Fund at any time during the period May 4, 2006 through and including November 15, 2007, excluding Scott F. Hartman, Gregory S. Metz and Rodney Schwatken.**

The Court having determined that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1). Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

2

**Preliminary Approval of Settlement**:  The Settlement documented in the Settlement Agreement is hereby preliminarily approved as the Court preliminarily finds that (a) the proposed Settlement resulted from arm's-length negotiations over numerous months; (b) the Settlement Agreement was executed after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiff's claims; (c) there is a genuine controversy between the Parties involving, inter alia, Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing**:  A hearing (the "Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure will held before the Court on April 22, 2010 at 11 a.m. at the United States Courthouse, 400 E. 9th Street, Kansas City, Missouri, to determine finally, among other things:

> Whether the Settlement should be approved as fair, reasonable, and adequate;
>
> Whether the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and should be finally certified as preliminarily found by the Court;
>
> Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;
>
> Whether the Final Approval Order attached to the Settlement Agreement should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Settlement Agreement;
>
> Whether the notice, and notice methodology implemented pursuant to the Settlement Agreement (i) was reasonably calculated, under the circumstances, to

3

apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

Whether the proposed Plan of Allocation of the Settlement Fund is fair, reasonable and adequate and should be approved by the Court;

Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class;

Whether Plaintiff has acted independently;

Whether Plaintiff's interests are identical to the interests of the Plan and the Settlement Class;

Whether the negotiations and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b) and/or qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

Whether the application for attorney fees and expenses to be filed by Class Counsel should be approved;

Whether the Named Plaintiff should receive a Case Contribution Award in light of her assistance in prosecuting this Action; and

Any other issues necessary for approval of the Settlement.

**Class Notice**:  The Parties have presented to the Court a proposed Class Notice, which is appended hereto as Exhibit 1.  The Court approves the form and content of the Class Notice as modified as discussed with the parties; the Court finds that the modified notice fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and of the Settlement; (2) gives notice to the Settlement Class of the time and

4
Case 4:08-cv-00490-NKL   Document 73   Filed 12/02/09   Page 4 of 9

place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement.  The Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Class Counsel shall:

> By no later than 60 days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, be disseminated pursuant to the Settlement Agreement to the last known address of each person in the Settlement Class who can be identified by reasonable effort.  Defendants shall use reasonable efforts to assist Class Counsel in obtaining the names and last known addresses of the members of the Settlement Class promptly following the entry of this Order.
>
> By no later than 60 days before the Fairness Hearing, cause the Class Notice to be published on the website identified in the Class Notice.
>
> At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement**: "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement; to the Plan of Allocation contained within the Settlement Agreement; to any term of the Settlement Agreement; or to the proposed award of attorney fees and expenses.  Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection.  The Objector may also, but need not, mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below.  The addresses for filing objections with the Court and service on counsel are as follows:

5

| COURT | PLAINTIFF'S CO-LEAD COUNSEL | DEFENDANTS' COUNSEL | DEFENDANTS' INSURANCE CARRIER |
|---|---|---|---|
| The United States Courthouse 400 E. 9th St. Kansas City, Missouri 64106 | Thomas J. McKenna Gainey & McKenna 295 Madison Ave. 4th Floor New York, NY 10017 Tel: 212-983-1800 tjmckenna@gaineyandmckenna.com tmlaw2001@yahoo.com<br><br>-and-<br><br>Edwin J. Mills Michael J. Klein Stull Stull & Brody 6 East 45th St. New York, NY 10017 Tel: 212-687-7230 emills@ssbny.com mklein@ssbny.com | Evan Miller Jones Day 51 Louisiana Ave., NW Washington, DC 20001 Tel: 202-879-3840 emiller@jonesday.com<br><br>John Holtman Associate General Counsel NovaStar Financial, Inc. 2114 Central, Suite 600 Kansas City, MO 64108 Email: _____ | Otto Schultz RLI Corporation 1384 Broadway, 21st Floor New York, NY 10018 Email: _____<br><br>David S. Sheiffer Wilson Elser LLP 150 East 42nd St. New York, NY 10017 Email: _____ |

The Objector, or, if represented by counsel, his, her, or its counsel, must file the objection with the Court by no later than 15 days before the date of the Fairness Hearing. Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

**Appearance at Fairness Hearing**:  Any Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone

number of the Objector's attorney) with the Court by no later than 15 days before the date of the Fairness Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**Response to Objectors**: Class Counsel shall respond to any Objector five days before the Fairness Hearing.

**Notice Expenses**: The expenses of effectuating Class Notice shall be paid from the Escrow Fund. Class Counsel shall provide an accounting of such expenses at the Fairness Hearing.

**Fees and Expenses Incurred by the Independent Fiduciary**: The Court understands that the Committee has retained an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. All fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professional retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan shall be paid from the Escrow Fund.

**Application for Attorney Fees**: Any application by Class Counsel for attorney fees and reimbursement of expenses, and all papers in support thereof, shall be filed with the Court and served on all counsel of record no less than 10 days before the Fairness Hearing. Copies of such materials shall be available for inspection at the office of the Clerk of this Court.

**Application for Compensation for Named Plaintiff**: Any application by Class Counsel for compensation to the Named Plaintiff shall be filed with the Court and served on all counsel of record no less than 10 days before the Fairness Hearing. Copies of such materials shall be available for inspection at the office of the Clerk of this Court.

**Injunction**: Pending final determination of whether the Settlement should be approved, all members of the Settlement Class and the Plan are each hereby barred and enjoined from instituting or prosecuting any action that asserts any Settled Claim against any Releasees.

**Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**: In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**: The Court reserves the right to continue the Fairness Hearing without further written notice.

**IT IS SO ORDERED**.

                 s/ NANETTE K. LAUGHREY
                  Nanette K. Laughrey
                 United States District Judge

Date: December 2, 2009
Jefferson City, Missouri