IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JENNIFER JONES, On Behalf of Herself And All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>v.<br><br>NOVASTAR FINANCIAL, INC., SCOTT F. HARTMAN, GREGORY S. METZ, RODNEY SWATKEN, THE NOVASTAR RETIREMENT COMMITTEE, and JOHN DOES 1-10,<br><br>                      Defendants. | Civil Action: 4:08-cv-490-NKL |

## NOTICE OF CLASS ACTION SETTLEMENT

**Your legal rights might be affected
if you are a member of the following class:**

ALL CURRENT AND FORMER PARTICIPANTS AND BENEFICIARIES OF THE NOVASTAR FINANCIAL, INC. 401(K) PLAN (THE "PLAN") FOR WHOSE INDIVIDUAL ACCOUNTS THE PLAN PURCHASED AND/OR HELD INTERESTS IN THE NOVASTAR STOCK FUND AT ANY TIME DURING THE PERIOD MAY 4, 2006, THROUGH AND INCLUDING NOVEMBER 15, 2007, EXCLUDING SCOTT F. HARTMAN, GREGORY S. METZ AND RODNEY SCHWATKEN.

**A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.
YOU HAVE NOT BEEN SUED.**

• United States District Court Judge Nanette K. Laughrey of the United States District Court, Western District of Missouri, Western Division (the "Court") has preliminarily approved the proposed settlement of a class action lawsuit brought under the Employee Retirement Income Security Act ("ERISA") (the "Settlement"). The Settlement will provide for payments to the Plan and for allocation of those payments to the accounts of members of the Settlement Class who had portions of their Plan accounts invested in the NovaStar Stock Fund. The Settlement is summarized below.

• The Court has scheduled a hearing on final approval of the Settlement and on Named Plaintiff's motion for attorneys' fees and expenses and for compensation to the Named Plaintiff. That hearing before Judge Laughrey has been scheduled for April 22, 2010, at 11a.m. at the United States Courthouse, 400 East 9th Street, Kansas City, Missouri.

1

**QUESTIONS? CALL _____ TOLL FREE, OR VISIT http://www.ssbny.com/novastar.
Do not call the Court or NovaStar with your questions.**

- Any objections to the Settlement or the motion for attorneys' fees and expenses and compensation to the Named Plaintiff must filed in writing with the United States District Court for the Western District of Missouri. The procedure for objecting is described below.

- This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement ("Settlement Agreement"). Capitalized used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at www.ssbny.com/novastar.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
| --- | --- |
| YOU CAN DO NOTHING. | If the Settlement is approved by the Court and you are a member of the Class, you will not need to do anything to receive a payment. The portion, if any, of the Settlement Fund to be allocated to your Plan account will be calculated as part of the implementation of the Settlement. |
| NO ACTION IS NECESSARY TO RECEIVE PAYMENT. | If you are currently participating in the Plan and are a member of the Class, any share of the Settlement Fund to which you are entitled will be deposited into your Plan account. If you no longer are a Plan participant and are a member of the Class, any share of the net Settlement Fund to which you are entitled will be deposited in a Plan account that will be established for you, if necessary, and you will be notified of such account, or you will receive an automatic distribution of such amount consistent with the terms of the Plan. |
| OBJECT (BY APRIL 7, 2010) | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court about why you object to the Settlement. |
| GO TO A HEARING (TO BE HELD ON APRIL 22, 2010 at 11 a.m.) | If you submit a written objection to the Settlement to the Court before the Court-approved deadline, you may (but do not have to) attend the Court hearing about the Settlement and present your objections to the Court. You may attend the Hearing even if you do not file a written objection, but you will only be allowed to speak at the Hearing if you file written comments in advance of the Hearing. |

■  These rights and options - **and the deadlines to exercise them** - are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeals.

Further information regarding the litigation and this Notice may be obtained by contacting Plaintiff's Co-Lead Counsel:

| | |
|---|---|
| Thomas J. McKenna, Esq. | Edwin J. Mills, Esq. |
| GAINEY & McKENNA | Michael J. Klein, Esq. |
| 295 Madison Avenue, 4th Floor | STULL, STULL & BRODY |
| New York, NY 10017 | 6 East 45th Street |
| | New York, NY 10017 |

Plaintiff's Co-Lead Counsel have established a toll-free phone number to receive your comments and questions: _____.

Plaintiff's Co-Lead Counsel may also be contacted via e-mail: ssbny@aol.com and tjmckenna@gaineyandmckenna.com.

## WHAT THIS NOTICE CONTAINS

**SUMMARY OF SETTLEMENT** ........................................................................ 5

**BASIC INFORMATION** ................................................................................. 6

    1. **Why did I get this Notice package?** ........................................... 6

    2. **What is the Action about?** ........................................................ 7

    3. **Why is this case a class action?** ................................................ 8

    4. **Why is there a Settlement?** ...................................................... 8

    5. **How do I know whether I am part of this Settlement?** ............. 9

    6. **What does the Settlement provide?** .......................................... 9

    7. **The Plan of Allocation - how much will my payment be?** ....... 10

    8. **How can I get a payment?** ....................................................... 11

    9. **When would I get my payment?** ............................................. 11

    10. **Can I get out of the Settlement?** ............................................. 11

**THE LAWYERS REPRESENTING YOU** ....................................................... 12

    11. **Do I have a lawyer in the case?** ............................................... 12

| 12. | How will the lawyers be paid? | 12 |
| 13. | How do I tell the Court if I don't like the Settlement? | 12 |

**THE COURT'S FAIRNESS HEARING**      13

| 14. | When and where will the Court decide whether to approve the Settlement? | 13 |
| 15. | Do I have to come to the hearing? | 13 |
| 16. | May I speak at the hearing? | 13 |

**IF YOU DO NOTHING**      14

| 17. | What happens if I do nothing at all? | 14 |

**GETTING MORE INFORMATION**      14

| 18. | Are there more details about the Settlement? | 14 |

**This litigation (the "Action") is a case in which Plaintiff alleges that Defendants breached their fiduciary duties owed to the participants in and beneficiaries of the Plan under ERISA. Copies of the Action's operative Complaint and other documents filed in the Action are available at www.ssbny.com/novastar.**

## SUMMARY OF SETTLEMENT

1.     A Settlement Fund consisting of $925,000 in cash is being established in the Action.

2.     The net amount in the Settlement Fund, including interest, and after payment of any taxes, expenses, approved attorneys' fees and costs, and compensation to the Named Plaintiff, will be paid to the Plan and be allocated to Class members according to a Plan of Allocation to be approved by the Court.

### Statement of Potential Outcome of the Action

As with any litigated case, Plaintiff would face an uncertain outcome if the Action were to continue against Defendants. Continued litigation of the Action against Defendants could result in a judgment or verdict greater or lesser than the recovery under the Settlement Agreement, or in no recovery at all or a judgment or verdict in favor of Defendants.

Throughout this Action, the Named Plaintiff and Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if Plaintiff were to prevail at trial. Defendants have denied and continue to deny all claims and contentions alleged by the Named Plaintiff, that they are liable at all to the Class, and that the Class or the Plan have suffered any damages for which Defendants could be legally responsible. Nevertheless, Defendants have taken into account the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the Action be fully and finally settled as to them on the terms and conditions set forth in the Settlement Agreement.

### Statement of Attorneys' Fees and Costs Sought in the Action

Co-Lead Counsel in the Action will apply to the Court for an order awarding to counsel for the Named Plaintiff attorneys' fees not in excess of 33% of the amount recovered in the Settlement, plus reimbursement of expenses. Any amount awarded will be paid from the proceeds of the Settlement Fund. Defendants will not oppose a request for attorneys' fees if it is not in excess of 33% of the Settlement. Defendants will not oppose a motion for Named Plaintiff compensation if the motion seeks an award of $7,500 or less.

### What Will the Named Plaintiff Get?

The Named Plaintiff named in the Action will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Class, except that, in addition, the Named Plaintiff may apply to the Court for a case contribution award of up to $7,500, plus reimbursement of the reasonable costs and expenses directly relating to her representation of the Class. Any compensation awarded to Named Plaintiff by the Court will be paid from the proceeds of the Settlement Fund.

**Further Information**

Plaintiff's Co-Lead Counsel have established a toll-free phone number to receive your comments and questions: _____.

As noted above, Plaintiff's Co-Lead Counsel may also be contacted via e-mail at: ssbny@aol.com and tjmckenna@gaineyandmckenna.com.

Further information regarding the Action and this Notice may be obtained http://www.ssbny.com.novastar or by contacting either:

Thomas J. McKenna, Esq.
**GAINEY & McKENNA**
295 Madison Avenue, 4th Floor
New York, NY 10017
Telephone: (212) 983-1300

or

Edwin J. Mills, Esq.
Michael J. Klein, Esq.
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: 212-687-7230

**BASIC INFORMATION**

### 1. Why did I get this Notice package?

You or someone in your family are or may have been a participant in or beneficiary of the Plan and/or one of the Plan's predecessors or Successors.

The Court caused this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and all of the options available to you regarding the Settlement, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among Class members according to a Court-approved Plan of Allocation. This Notice package describes the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Western District of Missouri, Western Division. The person who sued is called the "Named Plaintiff," and the people she sued are called "Defendants." The Named Plaintiff in the Action is Jennifer Jones. Defendants are the following persons and/or entities: NovaStar Financial, Inc. ("NovaStar"), Scott F. Hartman, Gregory S. Metz, and Rodney Schwatken. This settlement, if approved by the Court, will resolve claims against all Defendants.

The legal action that is the subject of this Notice and the Settlement is known as <u>Jones v. NovaStar Financial, Inc.</u>, et al., 4:08-CV-490-NKL (W.D. Mo.) (the "Action").

## 2. What is the Action about?

The Action claims that Defendants were fiduciaries of the Plan and violated fiduciary duties of loyalty, care and prudence under ERISA that they owed to participants in the Plan regarding the Plan's investment of assets in the stock of NovaStar. In the Complaint, Named Plaintiff asserted causes of action for the losses she alleges were suffered by the Plan as the result of the alleged breaches of fiduciary duty by Defendants.

Participants in the Plan were able to allocate their account balances among various investment funds. The investment funds included a fund primarily invested in NovaStar common stock (the "NovaStar Stock Fund").

The Complaint in the Action alleges that NovaStar and other alleged fiduciaries of NovaStar's 401(k) defined contribution retirement plan violated ERISA by, among other things, (1) failing to prudently manage the assets of the Plan, (2) failing to provide required disclosures to the participants and beneficiaries of the Plan and (3) failing to properly appoint, monitor and inform other fiduciaries of the Plan. Named Plaintiff alleges that certain Defendants knew or should have known that NovaStar stock was not a prudent retirement investment during the Class Period and that Defendants acted imprudently by not preventing further investment in NovaStar stock and not liquidating the Plan's NovaStar common stock holdings. Named Plaintiff also asserts that certain Defendants violated their alleged fiduciary duties by failing to provide Plan's participants with complete and accurate information about NovaStar.

**The Defenses in the Action**

Defendants deny that they have liability to the Plan or its participants or beneficiaries. If the litigation were to continue, Defendants would raise numerous defenses to liability, including the following:

- They were not fiduciaries of the Plan, or, if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the Action;

- NovaStar common stock and the NovaStar Stock Fund were at all relevant times a prudent investment for the Plan and their participants;

- To the extent they were fiduciaries as to the matters at issue in the Action, Defendants fully and prudently discharged all of their fiduciary duties imposed on them by ERISA;

- Even if they failed to discharge one or more of their ERISA fiduciary duties, any such breach of fiduciary duty did not cause the losses alleged by Plaintiff; and

- Plaintiff fails to satisfy the legal requirements to serve as a representative of the class of individuals who invested in the NovaStar Stock Fund, and this case may not be brought as a class action.

- The relief sought by Plaintiff in the Action is not permitted by ERISA.

**The Action Has Been Aggressively Litigated**

Counsel for the Named Plaintiff have conducted an extensive investigation of the allegations in the Action and of the losses suffered by the Plan. In addition, through that investigation and through discovery of information in the Action, counsel for the Named Plaintiff have obtained and reviewed thousands of pages of documents, including Plan governing documents and materials, communications with Plan participants, internal NovaStar documents regarding the Plan, SEC filings, press releases, public statements, news articles and other publications, and other documents regarding the underlying corporate issues that the Named Plaintiff allege made investment of the Plan's assets in the NovaStar Stock Fund imprudent.

Named Plaintiff's counsel previously opposed a motion by Defendants to dismiss the Named Plaintiff's claims. The Court denied that motion.

Named Plaintiff's counsel filed a motion for certification of the Action as a class action. The Court certified this Action as a class action in an order dated April 6, 2009. Defendants filed a motion requesting that the United States Court of Appeal for the Eighth Circuit hear an immediate appeal from that class action certification order, and the appeals court exercised its discretion and granted the motion to hear an expedited appeal on May 11, 2009.

Named Plaintiff's counsel have drafted and served on Defendants numerous discovery requests, and they have prepared and served responses to written discovery requests made by Defendants. Named Plaintiff's attorneys have participated in depositions and reviewed documents. Named Plaintiff's counsel have retained experts, these experts have investigated the facts, developed opinions, and made estimates of the extent and scope of losses, damages and available relief.

**Settlement Discussions**

The Settlement is the product of extensive negotiations, culminating in an all day face-to-face settlement conference between the parties that resulted in the proposed settlement.

### 3. Why is this a class action?

In a class action, one or more plaintiffs, called "Class Representative(s)" or "Named Plaintiff(s)" sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "Class" and are referred to collectively as "Class Members." One court resolves the issues for all class members together. Because the wrongful conduct alleged by Named Plaintiff in this Action affected a large group of people in a similar way, the Named Plaintiff filed this case as a class action . United States District Judge Nanette K. Laughrey is presiding over this case. Prior to the Settlement, the Court had certified the Class in the Action.

### 4. Why is there a Settlement?

The Court has not reached any final decisions in connection with Named Plaintiff's claims against Defendants. Instead, the Named Plaintiff and Defendants have each agreed to settle the case. In reaching the Settlement, they have avoided the cost and time of a trial.

As with any litigated case, the Named Plaintiff would face an uncertain outcome if this case went to trial. On the one hand, continuation of the case against Defendants could result in a verdict greater than the Settlement. On the other hand, continuing the case against them could result in a verdict for less money than the Named Plaintiff has obtained in the Settlement, or even no recovery at all. Based on these factors, the Named Plaintiff and their attorneys in this case believe the Settlement is best for all Class members.

### 5. Why is there a Settlement?

The proceeds of this Settlement will be allocated only to members of the Class, and then only according to a Court-approved Plan of Allocation.

You are a member of the Class if you fall within the definition of the Class approved by United States District Judge Nanette K. Laughrey:

> All current and former participants and beneficiaries of the Plan for whose individual accounts the Plan purchased and/or held interests in the NovaStar Stock Fund at any time during the period May 4, 2006 through and including November 15, 2007, excluding Scott F. Hartman, Gregory S. Metz, and Rodney Schwatken.

If you are a member of the Class, the amount of money you will receive, if any, will depend upon the Court-approved Plan of Allocation, described below in Section 7.

**THE SETTLEMENT BENEFITS - WHAT YOU GET**

### 6. What does the Settlement provide?

A Settlement Fund consisting of nine hundred twenty-five thousand dollars in United States currency ($925,000 cash) is being established in the Action. The net amount in the Settlement Fund, including interest, and after payment of, and establishment of reserves for, any taxes and Court-approved costs, fees, and expenses, including any Court-approved compensation to be paid to the Named Plaintiff, will be paid to the Plan and, after payment of implementation expenses, the remaining amount will be allocated to the Plan accounts of members of the Class according to a Plan of Allocation to be approved by the Court. If necessary, a Plan account will be created for those members of the Class who no longer have Plan accounts.

All Class members and anyone claiming through them are deemed to fully release the "Released Parties" from "Released Claims." The Released Parties include Defendants, the Plan, every Person who, at any time during or after the Class Period, was a director, officer, employee or agent of the Company, or a trustee or fiduciary of, or a provider of services to the Plan, together with, for each of the foregoing, any predecessors, Successors-In-Interest, present and former Representatives, direct or indirect parents and subsidiaries, insurers and any Person that controls, is controlled by, or is under common control with any of the foregoing. This means, among other things, that Class members will not have the right to sue the Released Parties for anything related to the investment of Plan assets in NovaStar (or its predecessors' or Successors') stock or to other alleged fiduciary misconduct during the Class Period concerning the Plan.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement (including its exhibits), which may be obtained at **www.ssbny.com/novastar** or by contacting Co-Lead Counsel listed on page _____ above.

## 7. The Plan of Allocation - how much will my payment be?

Your share of the net proceeds of the Settlement paid into the Plan (the "Net Proceeds"), less the Plan expenses associated with implementing the Plan of Allocation, will depend on your alleged loss, compared to other Class members' alleged losses, related to Plan investments in the NovaStar Stock Fund at any time during the period from May 4, 2006 through and including November 15, 2007. Each Class member's share of the Net Proceeds will be determined using a Court-approved Plan of Allocation. Because the Net Proceeds are less than the total losses alleged by the Class, each Class member's proportionate recovery will be less than his or her alleged loss. You are not responsible for calculating the amount you may be entitled to receive under the Settlement. This calculation will be done as part of the implementation of the Settlement.

In general, your proportionate share of the Net Proceeds will be calculated as follows:

- The "Net Loss" for each member of the Class will be calculated. Net Loss shall be equal to (a) the dollar amount of a participant's Plan account balance invested in the NovaStar Stock Fund as of May 4, 2006 (b) plus the dollar amount added to a participant's Plan account balance invested in the NovaStar Stock Fund during the Class Period minus (c) the dollar amount of a participant's Plan account balance invested in the NovaStar Stock Fund as of November 15, 2007 (d) plus the dollar amount of all dispositions of the NovaStar Stock Fund during the Class Period credited to a participant's Plan account balance.

- The Net Losses of the participants will be aggregated to yield the loss of the Plan as a whole over the Class Period (the "Plan's Loss").

- Each participant will be assigned an Alleged Net Loss Percentage, showing the percentage of the participant's Net Loss in relation to all participants' Net Losses.

- The Plan's recordkeeper, or third-party vendor selected by counsel, shall then calculate for each participant his "Preliminary Individual Dollar Recovery", or personal share of the Net Proceeds, by multiplying the Participant's Alleged Net Loss Percentage by the Net Proceeds.

- All participants whose Preliminary Individual Dollar Recovery is less than or equal to ten dollars ($10.00) shall be deemed to have a final share of the Net Proceeds of zero. The Plan's recordkeeper or an agreed-to third party vendor shall then recalculate the Alleged Net Loss Percentages of the participants whose Preliminary Individual Dollar Recovery was greater than $10.00, so as to arrive at each such Participant's "Final Individual Dollar Recovery." The sum of the Final Individual Dollar Recoveries must equal the Net Proceeds.

- The following participants who are Defendants in the Action shall receive no payments from the Net Proceeds: Scott F. Hartman, Gregory S. Metz, and Rodney Schwatken.

**Do not worry if you do not have records that show your Plan activity**. If you are entitled to a share of the net Class Settlement Amount, you will receive a statement showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact the Co-Lead Counsel listed on page __ above.

### 8. How can I get a payment?

You do not need to file a claim. If you are a Class member entitled to a share of the Net Proceeds, your share will be deposited in your Plan account. If you are a former Plan participant, if necessary, an account will be established for you in the Plan, and you will be notified of such account, or you will receive a direct distribution . If you are a former participant and have not provided the Plan with your current address, please contact Schumacher Financial Services, Inc. at _____, or contact (in writing) the counsel listed on page __ above.

### 9. When would I get my payment?

Payment is conditioned on several matters, including the Court's approval of the Settlement and such approval becoming Final and no longer subject to any appeals to any court. Upon satisfaction of various conditions, the Net Proceeds will be paid to the Plan and allocated to the accounts of Class members pursuant to the Plan of Allocation (described in the Answer to Question No. 7 , above) as soon as possible after final approval has been obtained for the Settlement (which, as noted, includes exhaustion of any appeals). Any appeal of the final approval may take several years. Any accrued interest on the Settlement Fund will be included in the amount paid to the Plan and allocated to the Plan accounts of Class members.

**If the Settlement Agreement Is Terminated, There Will Be No Payment Under It**.

The Settlement Agreement may be terminated on several grounds, including if (1) the Court does not approve or materially modifies the Settlement or (2) as modified by the Court or as a result of reversal or modification on appeal, the Court's Final Order in the case does not satisfy certain terms of the Settlement Agreement. Should the Settlement Agreement be terminated, the Action will proceed between Named Plaintiff and Defendants as if the Settlement Agreement had not been entered into by the parties.

### 10. Can I get out of the Settlement?

You do not have the right to exclude yourself from the Settlement. The Action was certified under Federal Rule of Civil Procedure 23(b)(1) as a non "opt-out" class action because the Court preliminarily determined the requirements of that rule were satisfied. Thus, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement. As a Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise included in the releases under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. *See* Answer to Question No. 13, below.

**THE LAWYERS REPRESENTING YOU**

### 11. Do I have a lawyer in the case?

The Court has appointed the law firm of Gainey & McKenna and the law firm of Stull, Stull & Brody as Co-Lead Counsel for the Class in the Action. These lawyers are also called "Class Counsel." You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Co-Lead Counsel will file a motion for the award of attorneys' fees and expenses. This motion will be considered at the Fairness Hearing. As previously described, Co-Lead Counsel have agreed to limit their application for an award of attorneys' fees to not more than 33% of the Class Settlement Amount, plus reimbursement of expenses incurred in connection with the prosecution of the Action. Defendants will not oppose a request for attorneys' fees if it is not in excess of 33% of the Settlement. Defendants will not oppose a motion for Named Plaintiff compensation if the motion seeks an award of $7,500 or less.

**Objecting to the Settlement or the Attorneys' Fees**

You can tell the Court that you do not agree with the Settlement or some part of it, including the attorneys' fees and expenses the attorneys intend to seek.

### 13. How do I tell the Court if I don't like the Settlement?

If you are a Class member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. **To object, you must send a letter or other written filing to the Court saying that you object to the Settlement: you must send this written objection to the Clerk of the United States District Court for the Western District of Missouri, Western Division**, 400 E. 9th St., Kansas City, Missouri 64106. **Your objection must be postmarked no later than April 7, 2010**. Be sure to include the case name and number ( "Jones v. NovaStar Financial, Inc., et al., 4:08-CV-490-NKL (W.D. Mo)."), your name, address, telephone number, signature, and a full explanation of all reasons you object to the Settlement.

Your written objection may, but need not, be served on the following counsel as well:

| PLAINTIFF'S CO-LEAD COUNSEL | DEFENDANTS' COUNSEL | DEFENDANTS' INSURANCE CARRIER |
|---|---|---|
| Thomas J. McKenna, Esq.<br>Gainey & McKenna<br>295 Madison Avenue<br>New York, New York 10017<br><br>Edwin J. Mills, Esq.<br>Michael J. Klein, Esq.<br>Stull, Stull & Brody<br>6 East 45th Street<br>New York, NY 10017 | Evan Miller, Esq.<br>Jones Day<br>51 Louisiana Ave. N.W.<br>Washington, DC 20001<br><br>John Holtmann, Esq.<br>Associate General Counsel<br>NovaStar Financial, Inc.<br>2114 Central, Suite 600<br>Kansas City, MO 64108 | Otto Schultz<br>RLI Corporation<br>1384 Broadway, 21st Floor<br>New York, New York 10018<br><br>David S. Sheiffer, Esq.<br>Wilson Elser LLP<br>150 East 42nd St.<br>New York, NY 10017 |

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable and adequate (the "Fairness Hearing"). You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend.

### 14. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 11 a.m. on April 22, 2010, at the United States District Court, Western District of Missouri, Western Division, 400 E. 9th St., Kansas City, Missouri, in Courtroom 7A or in the Courtroom then occupied by United States District Judge Nanette K. Laughrey. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses. We do not know how long these decisions will take.

### 15. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Laughrey might have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

### 16. May I speak at the hearing?

If you are a Class member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing

13

in Jones v. NovaStar Financial, Inc., et al., 4:08-CV-490-NKL (W.D. Mo)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must filed in writing with the United States District Court, Western District of Missouri, Western Division. The address is: Clerk of the United States District Court, Western District of Missouri, Western Division, 400 E. 9th St., Kansas City, Missouri. **Your Notice of Intention to Appear must be postmarked no later than April 7, 2010**.

## IF YOU DO NOTHING

### 17. What happens if I do nothing at all?

If you do nothing and you are a Class member and entitled to a recovery under the court-approved Plan of Allocation, you will participate in the Settlement of the Action as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

### 18. Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. The complete Settlement is set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to the Co-Lead Counsel listed at page ___ above. Copies may also be obtained at www.ssbny.com/novastar. The Settlement Agreement also was filed with the Clerk of the Court and may be obtained from the Clerk's office directly.

14
**QUESTIONS? CALL _____ TOLL FREE, OR VISIT http://www.ssbny.com/novastar.**
**Do not call the Court or NovaStar with your questions.**
Case 4:08-cv-00490-NKL   Document 73-1   Filed 12/02/09   Page 14 of 14